# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY EUGENE DOUGLAS, II, | ) | CASE NO.:  5:04CV2117 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **JUDGMENT AND DECISION** |
| | ) | |
| MICHELLE EBERLIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pending before the Court is the Petition for a Writ of Habeas Corpus filed by Bobby Eugene Douglas II pursuant to 28 U.S.C. § 2254.  The Court referred the case to Magistrate Judge George J. Limbert, pursuant to Local Rule 72.1, for a Report and Recommendation ("R&R").  On July 12, 2005, the Magistrate Judge issued a R&R, finding all Petitioner's claims procedurally defaulted and recommending that this Court deny the Petition.  Petitioner timely filed objections to the R&R.  For the following reasons, this Court ADOPTS the R&R as its own, and DISMISSES the Petition.

This Court finds that Petitioner makes three specific objections:  (1) "if not for STATE Appellate Counsel, each claim would have been exhausted in its entire[ty;]" (2) that Petitioner "had not Procedurally Defaulted, due to this result[;]" and (3) "that each of his claims have merit and are of constitutional question."  (Petitioner's Objection to R&R).  Petitioner provides no basis for his objections as required by Local Civ. R. 72.3(b), however the Court will consider Petitioner's objections in the interest of justice.

In addition to his specific objections, Petitioner also makes a general objection, requesting this Court to review the R&R and his traverse, and "find that Magistrate Limbert's findings are incorrect."  (Petitioner's Objection to R&R).  However, this Court is not required to review general objections.  Fed R. Civ. P. 72(b).  An objection must be specific and clear enough for the court to identify the dispositive issue.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  Therefore, this Court will not consider Petitioner's general objection.

When considering the specific objections, it appears that Petitioner's first two are intertwined.  Read together, the objections claim that errors by Petitioner's state appellate counsel caused his procedural default and therefore he should be excused from that default and permitted to argue those claims here.

When reviewing a procedurally defaulted claim, the Court is directed to *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986).  In *Maupin,* the Sixth Circuit established the factors to consider when determining whether a claim has been procedurally defaulted and if so what is required to excuse that default.  The factors are: (1) whether the petitioner failed to comply with an applicable state procedural rule; (2) whether the state courts actually enforced the state procedural sanction; (3) whether the state procedural bar is an 'adequate and independent' state ground on  which the state can foreclose federal review; and (4) if the first three apply, whether the petitioner has demonstrated 'cause' and 'prejudice' to excuse the procedural default.  *Id.*

The Magistrate found that the first three *Maupin* factors were satisfied.  Petitioner does not challenge this finding in his objection.  Therefore, the Court will not address that finding.  However, Petitioner's objection appears to make a 'cause' and 'prejudice'

argument (that errors by Petitioner's state appellate counsel caused his procedural default and therefore he should be excused from that default and permitted to argue those claims here).  The Court notes that this is the first instance where such an argument has been raised.

Attorney error must be 'constitutionally ineffective' to excuse procedural default. *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Murray v. Carrier*, 477 U.S. 478, 487 (1986)).  The constitutional right to counsel does not extend to a discretionary appeal beyond the first appeal as of right.  *Lopez v. Wilson*, 426 F.3d 339, 354 (6th Cir. 2005).  Because Petitioner had no right to counsel on his discretionary appeal to the Ohio Supreme Court, he "could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely."  *Wainwright v. Torna*, 455 U.S. 586, 588 (1982).  Thus Petitioner's counsel can not be found to be 'constitutionally ineffective.'  Therefore, Petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Murray*, 477 U.S. at 488.  Petitioner's argument only involves error by his counsel.  He presents no argument for 'cause' that is external to his defense.  Thus Petitioner fails to establish 'cause.'

To excuse procedural default, Petitioner must establish both 'cause' and 'prejudice.'  *Bonilla*, 370 F.3d at 497.  Because he has failed to establish 'cause,' it is unnecessary to consider 'prejudice.'  *Id.*  Therefore Petitioner's first two objections are overruled.

Petitioner's third objection alleges that each of his claims in the Traverse presents a constitutional question.  This objection goes directly to the merits of Petitioner's

claims.  Because all of Petitioner's claims have been procedurally defaulted, it is unnecessary to reach the merits of these claims.  *Quintero v. Bell*, 256 F.3d 409, 413 (6th Cir. 2001).  Therefore Petitioner's third objection is without merit.

CONCLUSION

The Court finds that Petitioner's first two objections are without merit.  It is determined that all of Petitioner's claims have been procedurally defaulted.  Because Petitioner has procedurally defaulted the claims in the Petition and has failed to establish 'cause' and 'prejudice' to excuse the default, this Court is precluded from examining the merits of the claims made.  *Bonilla*, 370 F.3d at 498.  This Court hereby ADOPTS the Magistrate Judge's R&R as its own, and DISMISSES the Petition for Writ of Habeas Corpus.

So ordered.

Date: November 29, 2005                          *s/ Judge John R. Adams*
                                                 JUDGE JOHN R. ADAMS
                                                 UNITED STATES DISTRICT COURT